UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PANSY JOHNSON,

                Plaintiff,

       -against-

SPIRIT AIRLINES, INC.,

                Defendant.
------------------------------------------------------------X

**ORDER**

CV 07-1874 (FB) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

Defendant Spirit Airlines, Inc. ("Spirit") seeks an order pursuant to Fed. R. Civ. P 26(b)(4)(C) limiting the compensation rate of the expert witness Dr. Richard Seldes ("Dr. Seldes"), a treating physician of the plaintiff. Docket Entry ("DE") 37. Dr. Seldes initially demanded a flat fee payment of $7,500 to provide testimony. His request was later reduced to $2,500. The plaintiff responded to Spirit's motion by asserting that Dr. Seldes's fee is reasonable in relation to his expertise and qualifications, and requested that the court set Dr. Seldes's fee at $1,000 per hour. DE 38. That response is inadequate: Dr. Seldes's fee may represent his usual practice, but it is not a reasonable amount that he can impose on the defendant in the form of a flat fee, before the deposition has taken place. On that basis, I deny Spirit's motion as premature until Dr. Seldes has performed the work for which he seeks reimbursement.

"Compensating an expert for his time spent in deposition is mandatory under [Federal Rule of Civil Procedure 26(b)(4)(C)] to 'avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement.'" *Garnier v. Illinois Tool Works, Inc.*, 2006 WL 1085080, *2 (E.D.N.Y. April 24, 2006) (citing *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y. 1997)). However, it is the court's prerogative to balance one party's need to retain a competent expert with the need to "protect the opposing party from

being unfairly burdened by excessive ransoms which produce windfalls for the party's experts." *Id*. (internal quotations omitted).

Absent manifest injustice – a circumstance that no party has argued is present in this case – I must require Spirit to "pay the expert a *reasonable* fee for *time spent* in responding to discovery[.]" Fed. R. Civ. P. 26(b)(4)(C)(i) (emphasis added). The pertinent rule thus teaches that once Dr. Seldes has actually "spent" time responding to Spirit's questions at the deposition, he may then bill Spirit for a "reasonable" fee for that amount of "time." Dr. Seldes therefore may not insist on advance payment, and may not set a flat fee before he knows what he will be called upon to do; he may instead charge only a reasonable hourly fee. I will not predict in advance what reasonable hourly fee Dr. Seldes may choose to request, but should a dispute arise, I will of course defer to the persuasive authority of cases such as the *Garnier* decision cited above and the precedent on which it in turn relied. *See id*. at *3-*4 (describing a range of reasonable hourly rates below $500).

For the reasons set forth above, I deny defendant Spirit's motion as premature until Dr. Seldes has performed the work for which he seeks reimbursement.

**SO ORDERED:**

Dated: Brooklyn, New York
May 6, 2008

/s/ James Orenstein
JAMES ORENSTEIN
United States Magistrate Judge